# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 26, 2009

138232

CITY OF KENTWOOD,
        Plaintiff-Appellant,

v

POLICE OFFICERS LABOR COUNCIL,
        Defendant-Appellee.

SC: 138232
COA: 279993
Kent CC: 07-005364-CL

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

_____/

On order of the Court, the application for leave to appeal the October 28, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent and would reinstate the trial court's order vacating the arbitration award. The Kentwood chief of police did not provide one of his detectives with a take-home car, and a grievance was filed alleging that this decision violated the parties' collective bargaining agreement (CBA).

The Kentwood Police Department has adopted a Policy and Procedures Manual in accordance with the CBA. Operating Procedure FC 301 provides:

> 3.1.3. The Chief of Police may assign specific vehicles for 24-hour use by specified employees. This assignment may be terminated at any time at the discretion of the Chief of Police.

> 3.1.4. Vehicles assigned for 24-hour use shall only be utilized for official business or transport to and from work sites. Personal use of the vehicle may only occur with specific permission of the Chief of Police.

Section 17.2 of the CBA provides:

The Employer reserves the right to establish reasonable departmental rules, regulations, policies and procedures not inconsistent with the provision of this Agreement.

Section 17.12 of the CBA provides:[1]

It is the intent of the parties hereto that the provisions of this Agreement, which supersedes all prior agreements and understandings . . . shall govern the relationship and shall be the sole source of any and all claims which may be asserted in arbitration hereunder, or otherwise. The parties acknowledge that during the negotiations which resulted in this Agreement, each had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter. . . . Therefore, the Employer and the Union for the life of this Agreement, each voluntarily and unqualifiedly waive the right, and each agrees that the other shall not be obligated, to bargain collectively with respect to any subject or matter not specifically referred to or covered in this Agreement, even though such subject or matter may not have been within the knowledge or contemplation of either or both of the parties at the time they negotiated or signed this Agreement.

Although the CBA does not refer to take-home vehicles in any way, and FC 301 accords the police chief discretion in assigning such vehicles, the arbitrator nonetheless granted the grievance and awarded the detective a take-home vehicle.

The city filed a complaint to vacate this award, and the trial court granted summary disposition in the city's favor, concluding that, contrary to Section 5.5 of the CBA, which limits the authority of the arbitrator to applying and interpreting the CBA as written, and which disavows any power on her part to alter or modify the agreement, or to interfere with the city's exercise of its inherent rights, the arbitrator here failed to adhere to these limits on her authority, because the award "ignored and failed to apply the plain terms of Sections 17.2 and 17.12 of the CBA."

The Court of Appeals reversed on the ground that the CBA is not sufficiently specific as to demonstrate that defendant waived its right to bargain over take-home vehicle practices.

---

[1] This is a so-called "zipper clause," a provision in a labor contract "indicating that the agreement is an exclusive and complete expression of consent." Merriam-Webster's Dictionary of Law (1996).

The city now appeals, arguing that the arbitrator exceeded her authority by disregarding the "zipper clause" in the CBA, in which the parties expressly waived the right to bargain over any issues not included in the CBA. The zipper clause also provides that the CBA supersedes all prior agreements and understandings, oral or written, express or implied, between the parties. This language, in my judgment, clearly provides that the CBA supersedes any alleged past practices. The Court of Appeals erred in concluding that the zipper clause was not dispositive because it did not specifically refer to take-home vehicles. However, the CBA gives the city the authority to adopt policies on all issues not covered by the CBA, and the zipper clause precludes consideration of issues outside the four corners of the agreement. The city adopted a policy giving the police chief the discretion to determine which officers would receive take-home vehicles, and the police chief decided that the detective who filed the grievance did not require his own vehicle. To the extent the parties' past practice may or may not have differed from defendant's expectations, the zipper clause should have precluded any argument that these past practices survived the parties' mutual agreement in the CBA.

I am cognizant of the broad authority vested in the arbitrator under the CBA when disputes arise, but I am also cognizant that such authority is not boundless. If the collective bargaining process, public or private, is going to work effectively, faithful regard must be given to contracts and agreements. The people of Kentwood, through their elected representatives, have chosen to cede a part of their administrative control over public employees from their elected city council to the arbitrator. Where, however, they have clearly *not* ceded such authority, as here, the regular processes of local self-government must be permitted to prevail.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 26, 2009

Clerk

d0623